NO. 07-09-0137-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 9, 2009
_____

IN THE INTEREST OF M.G., D.G., S.G., E.G., AND R.M., CHILDREN
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-542,603; HONORABLE KEVIN C. HART, ASSOCIATE JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

I join in the Court's opinion, and write simply to add that, were we to find that the merits of this father's appellate contentions were preserved for our review, I still would affirm the trial court's judgment. I cannot agree with appellant's contention the evidence that termination of his parental rights is in the best interest of his children is insufficient, legally or factually. The children ranged in ages from four to thirteen at the time of trial. Their mother's parental rights have been terminated. Their father is incarcerated and may remain so until 2016. He could present no plan for the care of the children until his release. Those facts, coupled with the evidence of a history of family violence and other criminal conduct, were sufficient, in my view, to permit the trial court to find termination of

the father's parental rights in the best interest of the children.  *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2004) (legal sufficiency standard).  The contrary evidence, showing appellant desired to maintain a relationship with his children, and had participated in programs and taken other steps to address his destructive behaviors, is not insignificant.  Considering the entire record, however, the evidence permitted the trial court reasonably to form a firm belief or conviction termination was in the children's best interest.  *See In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency standard).

James T. Campbell
Justice